UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br>Plaintiff<br>v.<br>Soloman Tremain White,<br>Defendant | Case No. 2:25-cr-00120-CDS-MDC<br>**Order Denying Defendant's Appeal of the Order Denying His Motion to Sever and Overruling Defendant's Objections to the Recommendation of the Magistrate Judge that His Motions to Suppress be Denied**<br>[ECF Nos. 35, 39, 40, 41, 63, 66] |

This is a multi-count, Hobbs Act robbery, brandishing a firearm during and in relation to a crime of violence, and a prohibited person in possession of a firearm case brought by the United States of America against defendant Soloman Tremain White. On July 30, 2026, U.S. Magistrate Judge Maximiliano D. Couvillier issued an order denying White's motion to sever (ECF No. 35) and a report and recommendation[1] (R&R) denying his motions to suppress (ECF Nos. 39–41). Order, ECF No. 63. White filed timely objections to the order and report and recommendation, Obj., ECF No. 66, and the government responded to the objections, Resp., ECF No. 67. For the reasons set forth herein, the court denies White's appeal of the order denying severance and overrules White's objections to the recommendation that his motions to suppress be denied.

## I. Legal standard

Under Local Rule IB 3-1, a party may appeal an order on a pre-trial motion by filing specific written objections. 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a). Upon the filing of objections for orders, the district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order. *See* Fed. R. Civ. P. 72(a); LR IB 3-1(a). To do so, the district court reviews the magistrate judge's order under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any

[1] Although titled an order as it relates to the motions to suppress, this court construes it as a report and recommendation and resolves White's objections thereto under that standard.

pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. *See, e.g.*, *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). A magistrate judge's factual finding is "clearly erroneous" if the district judge has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). As to legal findings, however, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 229 F. Supp. 3d 1209 (D. Nev. 2017) (quotation omitted); *see also Grimes*, 951 F.2d at 241 (finding that under the "contrary to law" standard, the magistrate judge's legal conclusions are not subject to de novo review).

Likewise, a may party file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. The court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1); LR IB 3-2(b).To do so, the district court reviews those portions of the report and recommendation to which objections are made de novo. 28 U.S.C. § 636(b)(1); LR IB 3-2(b). "In providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (quotation omitted). However, "a district court may not reject the factual findings of a magistrate judge on a motion to suppress without conducting a de novo evidentiary hearing." *United States v. Ridgway*, 300 F.3d 1153, 1155 (9th Cir. 2002) (citing *United States v. Bergera*, 512 F.2d 391, 392–94 (9th Cir. 1975)).

## II. Discussion

### A. White's objection to the order denying his motion to sever is overruled.

White asserts that Judge Couvillier's decision to deny his motion for severance was clearly erroneous and contrary to the law. *See* ECF No. 66 at 3–6. White moved to sever the indictment (ECF No. 1) into three parts: (1) the first three counts, which relate to a robbery on April 18, 2025; (2) the second three counts, which relate to a robbery that occurred on April 19, 2025; and (3) count seven, which charges White with possession of a firearm by a prohibited person—namely, the firearm that was recovered when White was stopped and arrested for the April 18th and 19th robberies. *See* Mot. to sev., ECF No. 35. White contends that Judge Couvillier erred in his determination because trying the counts together will cause spillover evidence from the different counts, which will prejudice him. *See* ECF No. 66 at 3–6.

The Ninth Circuit has determined that a defendant appealing a denial of severance "bears the burden of proving such clear, manifest, or undue prejudice from the joint trial, that it violates one of his substantive rights, so that the prejudice is of such a magnitude that the defendant was denied a fair trial." *United States v. Vasquez-Velasco*, 15 F.3d 833, 845–46 (9th Cir. 1994) (citation modified).

White does not meet this high burden. Rather, White argues that the evidence related to the first six counts in the indictment is "weak," namely because there is no evidence showing the April 18, 2025 robbery was committed with a real gun, so trying counts one through three with count seven would be prejudicial because he *was* stopped with a gun on April 25, 2025. This sort of argument is insufficient to show that the government improperly joined the counts in the indictment, much less manifest injustice to White if severance is not granted. Federal Rule of Criminal Procedure 8(a) permits joinder of offenses when they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The similarities must be discernable from the indictment's face. *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007).

That similarity requirement is met here: the indictment alleges two robberies, by someone carrying a firearm, one day apart, and possession of a firearm by White when he was arrested less than one week later. The evidence that was introduced during the suppression hearing reveals further similarities: White allegedly committed two robberies with a firearm, one day apart, driving a green four-door Lincoln, while wearing thick-framed glasses, and he was arrested with a firearm less than one week after the second robbery. Even if severance was granted, given the temporal proximately, and other similarities, it is highly likely that the evidence from the April 18th robbery would be introduced at the trial for the April 19th robbery, and vice versa. Likewise, evidence of White's possession of a firearm approximately one week after the robberies would likely be introduced in the trials for those robberies. Thus, Judge Couvillier's order denying White's severance motion was neither contrary to the law nor clearly erroneous. To the contrary, severing the indictment would waste resources by duplicating trial evidence, while at the same time providing no real benefit to White. *See United States v. Lane*, 474 U.S. 438, 449 (1986) (recognizing that joint trials conserve government funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of a crime to trial).

Stated otherwise, Judge Couvillier correctly applied Rule 8(a), which is "broadly construed" in favor of initial joinder, *Jawara*, 474 F.3d at 573, so "joinder is the rule rather than the exception," *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980). Further, and if necessary, this court can mitigate the risk of any prejudice with limiting instructions when trying the counts together,[2] and the jury will be instructed to decide the issue of guilt or innocence as to each individual count against White. *See* Ninth Cir. Crim. Jury Instr. 6.11. Accordingly, I deny White's appeal of Judge Couvillier's order denying severance and affirm that order in full.

---

[2] *See United States v. Christensen*, 624 F. App'x 466, 484 (9th Cir. 2015) (explaining that absent a reason to believe otherwise, jurors are presumed to follow instructions).

**B. White's objections to the R&R as to his motions to suppress are overruled.**

Judge Couvillier recommends that White's motions to suppress (ECF Nos. 39, 40, 41) be denied. *See* ECF No. 63 at 4–9. In his suppression motions, White argues that warrants obtained as part of the investigation into him and the robbery suspect lacked probable cause because they contained inaccurate, incomplete, or false statements. *See* ECF Nos. 39, 40, 41. Judge Couvillier held an evidentiary hearing on the motions on July 15, 2026. ECF No. 61. Ultimately, Judge Couvillier rejected White's arguments and recommended that the motions be denied. *See* ECF No. 63.

White filed objections to Judge Couvillier's recommendation that his suppression motions be denied, arguing that the recommendation is "improper" and "clearly erroneous." *See* ECF No. 66 at 6–9. Specifically, he objects to certain representations in the warrants and to Judge Couvillier's determinations that the warrants contained sufficient probable cause and that even if the warrants were stripped of any alleged "false" information or "inaccuracies," they would still contain sufficient probable cause. *See id.* White also argues that Judge Couvillier erred in determining that he had no reasonable expectation of privacy in his GPS data generated from his court ordered GPS tracking and thus lacked standing to move to suppress that evidence. *Id.* at 6 (incorporating by reference his argument in ECF No. 50). According to White, he "certainly ha[d] a reasonable expectation that a practically minute by minute, heavily intrusive surveillance of his personal movements and location, specific to him and him alone would be shielded from disclosure for any purpose outside the duties of the pretrial services officer." ECF No. 50 at 4.

It is within my discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of Judge Couvillier. 28 U.S.C. § 636(b)(1); LR IB 3-2(b); *Ramos*, 65 F.4th at 433. Having conducted a de novo review, this court has no conviction that a mistake was made

here, and White fails to cite any authority to suggest this court should find otherwise. Consequently, White's objections are overruled, and I adopt in full Judge Couvillier's recommendation that White's motions to suppress be denied.

## III. Conclusion

IT IS HEREBY ORDERED that White's appeal of the magistrate judge's order denying his motion to sever **[ECF No. 66] is denied**.

IT IS FURTHER ORDERED that White's objection to the report and recommendation that I deny his motions to suppress **[ECF No. 66] is overruled**.

IT IS FURTHER ORDERED that Judge Couvillier's July 30, 2026 order **[ECF No. 63] is adopted and affirmed in full**; therefore, White's motion to sever **[ECF No. 35]** and motions to suppress **[ECF Nos. 39, 40, 41] are denied**.

Dated: September 21, 2026

_______________________________
Cristina D. Silva
United States District Judge